UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SHEGOS,

        Plaintiff,                                Case No. 11-12260

v.                                                         Honorable David M. Lawson

TOM PLUMB, CHAD WYSOCKI, RICK
PARKS, and CITY OF MT. MORRIS,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE AND FOR EXTENSION OF TIME TO SERVE SUMMONS

The matter is before the Court on the plaintiff's motion for substituted service and for an extension of time to serve summons on defendant Parks.

Generally, a plaintiff must serve each defendant with a copy of the summons and complaint within 120 days after filing the complaint. The deadline, however, must be extended "for an appropriate period" if "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m); *see United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991) (construing "good cause" showing required by government to obtain extension under 31 U.S.C. § 3730(b)(3)). A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the requested task within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (construing "good cause" for failure to present new evidence in prior Social Security proceeding under 42 U.S.C. § 405(g)). It may do so by advancing specific facts that describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish*, 765 F. Supp. at 1354. For example, good cause is shown when "the defendant is evading service or

conceals a defect in attempted service." Fed. R. Civ. P. 4(m) cmt. to 1993 amends. (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987)). Generalizations and conclusory allegations will not suffice. *Ibid.* The Court exercises its discretion to determine whether this showing has been made. *See Friedman v. Estate of Prosser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

The plaintiff filed his complaint on May 24, 2011, and the Court issued summonses for the defendants on May 31, 2011. The plaintiff indicates that he attempted to serve defendant Parks at his place of employment, 3370 W. Vienna Road, Clio, Michigan, on May 25, June 24, and July 8, and August 4, 2011 without success. On August 4, 2011, the plaintiff was informed that defendant Parks no longer worked at that location. A subsequent Lexis Nexis search indicated that defendant Parks resided at 5460 Deland Road, Flushing, Michigan. The plaintiff attempted service at the Deland Road address on August 27 and 29, 2011. On August 29, 2011, a woman answered the door and informed the process server that defendant Parks no longer lived there. When the process server asked about the defendant Parks whereabouts, she stated, "That's for you to find out." A second Lexis Nexis search linked defendant Parks with the residence at 266 Armstrong Avenue, Flushing, Michigan. The plaintiff attempted to serve defendant Parks at the Armstrong Avenue address on three separate dates, September 19, 20, and 22, 2011, again without success. During the September 20, 2011 attempt, the process server spoke with the office manager of Flushing Estates, where the Armstrong Avenue residence is located, and the office manager confirmed that defendant Parks resided at the Armstrong Avenue address but worked strange hours.

The Court finds that the plaintiff has demonstrated good cause for his failure to serve defendant Parks and will extend the time for service. The Court also finds that service of process cannot reasonably be made in a manner set forth under Michigan law, and that the substitute means

requested are reasonably calculated to give the defendants actual notice of the proceedings and an opportunity to be heard. *See* Fed. R. Civ. P. 4(e)(1); Mich. Ct. R. 2.105(I)(1).

Accordingly, it is **ORDERED** that the plaintiff's motion for alternate service and for extension of time to serve summons [dkt. # 11] is **GRANTED**.

It is further **ORDERED** that the plaintiff may serve defendant Rick Parks in the manner set forth below. Service shall be complete by:

- (A) mailing a copy of the summons and complaint by first class mail to Rick Parks, 266 Armstrong Avenue, Flushing, MI 48433;

- (B) mailing a copy of the summons and complaint by certified mail (return receipt requested) to Rick Parks, 266 Armstrong Avenue, Flushing, MI 48433; and

- (C) firmly affixing a copy of the summons and complaint to the front door of the address noted above.

The plaintiff shall file a certificate confirming service as provided herein.

It is further **ORDERED** that the plaintiff must serve copies of the summons and the complaint on defendant Rick Parks **on or before November 27, 2011**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: October 3, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL